UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RASHAAD DEJUAN THOMAS,

                Plaintiff,              Case No. 1:20-cv-1137

v.                                  Honorable Hala Y. Jarbou

NICOLE DOOLITTLE, et al.,

                Defendants.
_____/

## OPINION

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Saad and LeBarre.

## Discussion

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues RN Nicole Doolittle, RN A. Gaskills, Health Unit Manager (HUM) J. LeBarre, Doctor Unknown Saad, and Warden J. Davids.

Plaintiff alleges that on August 3, 2019, while in segregation at ICF, Officer Ybarra escorted Defendant Doolittle on her medication rounds.  Defendant Doolittle stood near Plaintiff's cell and stated that she was married to Officer Ybarra in order to prevent him from being deported.  Plaintiff stated, "That is not right, just because you think he is not a U.S. citizen, that's some racist sh**."  (ECF No. 1, PageID.3.)  Defendant Doolittle responded, "What! You['re] mad because you['re] not my type for three reasons, one … you['re] a convict, two ... you['re] black, and three … you['re] a douchbag [sic].  *Id.*  Plaintiff complained that Defendant Doolittle's comment was offensive and that he was not a "piece of sh**."  *Id.*  Defendant Doolittle said, "You are black and a piece of sh**, now take your meds Douchbag [sic]."

On August 4, 2019, Plaintiff asked Defendant Doolittle to please not call him a douchebag.  Defendant Doolittle told Plaintiff that he was a douchebag and a convict, and that she did not like him because he was black.  Defendant Doolittle then refused to give Plaintiff his medication.  Plaintiff wrote a grievance on Defendant Doolittle.  Plaintiff states that he was never interviewed regarding the grievance and that Defendant Doolittle and Officer Ybarra lied about the incident.  Defendants Gaskill and Lebarre found no evidence to substantiate Plaintiff's claim and denied the grievance.

On August 17, 2019, Defendant Doolittle stopped at Plaintiff's cell during medication rounds and stated "Nice try douchebag, your grievances won't stick.  Just as long as Gaskill is supervisor and Lebarre is the Health Unit Manager, my ass is covered.  Now I'm going to take your meds whenever I feel like it, and they still won't believe you."  (*Id.* at PageID.5.) Officer Ybarra, who was also present, said "You['re] a fucking liar man!"  *Id.*  When Plaintiff asked Officer Ybarra if he was going to ride with Defendant Doolittle, Defendant Doolittle cut him off and stated, "Yeah dumbass of course he is going to ride with me."  *Id.*

Plaintiff experienced constant verbal abuse from Defendant Doolittle and Officer Ybarra from that date forward.  On September 19, 2019, Defendant Doolittle refused to give Plaintiff his psych medications, telling Plaintiff that he would not get them until he stopped writing grievances.  Plaintiff yelled for a sergeant, but Defendant Doolittle merely told him good luck and called him an "asshole."  *Id.*  As Plaintiff continued to yell, Defendant Doolittle stated that she did not have his estrogen pills and left the area.

On September 23, 2019, Plaintiff received a grievance rejection letter.   On September 27, 2019, Plaintiff filed a step II grievance.  However, the rejection of the step I grievance was upheld by Defendant Warden Davids on October 3, 2019.  In addition, the Office of Legal Affairs upheld the rejection in response to Plaintiff's step III appeal.

Plaintiff states that the verbal abuse and harassment by Defendant Doolittle and Officer Ybarra ceased for a short time, but that on November 9, 2019, and November 24, 2019, Defendant Doolittle again refused to give Plaintiff his psych medications.  Defendant Doolittle told Plaintiff that she could do what she wanted and that she was going to get Plaintiff "paneled and injected with a needle."  (*Id.* at PageID.6.)  Defendant Doolittle stated that as long as Plaintiff kept filing grievances, she was going to keep refusing his medications.  Defendant Doolittle stated,

"Oh, Tuesday, and I work and I'm going to write you a ticket with your lying black ass.  You lie, I'm going to lie."  *Id.*

On November 27, 2019, Plaintiff was reviewed on a threatening behavior misconduct written by Defendant Doolittle on November 26, 2019.  Plaintiff was found guilty of the misconduct following a hearing and was sentenced to 30 days loss of privileges and 10 days detention.  Plaintiff was also continued in administrative segregation.

On December 20, 2019, Plaintiff tried to speak to Defendant Gaskills, but she told Plaintiff that Defendant Doolittle could do whatever she wanted and that she had talked to Defendants Gaskills and LeBarre about taking Plaintiff's medication.  Defendant Gaskill told Plaintiff to get ready to have his meds taken, to be paneled, and to be injected with Haldol.  On December 22, 2019, Defendant Doolittle told Plaintiff to get ready to be moved to the other side of the prison.  On January 4, 2020, Defendant Doolittle again refused to give Plaintiff his psych meds.  Later the same day, Defendant Doolittle told Plaintiff that he would not be getting his meds the next day either.  True to her word, Defendant Doolittle deprived Plaintiff of his medications on January 5, 2020, stating that before the week was up, she would have Plaintiff's meds crushed and would get Plaintiff paneled.

On January 7 and 8, 2020, Defendant Doolittle refused to give Plaintiff his morning medications.  On January 8, 2020, Defendant Doolittle told Plaintiff that he would be getting moved the next day.  On January 9, 2020, Plaintiff was moved and his meds were administered crushed and mixed with water.  Defendant Doolittle told Plaintiff that she was going to speak to Defendant Saad about Plaintiff getting a shot of Haldol.

On January 19, 2020, Defendant Doolittle refused to give Plaintiff his medications and stated, "I've spoken to my supervisor Gaskill and we agreed that you are an asshole and we're

4

going to get you paneled, and I'll be the one with the needle." (*Id.* at PageID.8.) On January 21,

2020, Plaintiff wrote to Defendant Davids, who responded that it was not his job to go against

Defendant Doolittle and that he had told her to do whatever she wanted. Defendant Davids stated

that he was aware of Plaintiff's grievances and that he was "not going to entertain this bullshit."

*Id.*

Plaintiff claims that Defendants engaged in a conspiracy to retaliate against him for

his use of the grievance procedure. Plaintiff seeks compensatory, punitive, and exemplary

damages, as well as declaratory and injunctive relief.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Defendant Saad

The only allegation that Plaintiff makes against Defendant Saad is that on January 9, 2020, Defendant Doolittle told Plaintiff that she was going to speak to Defendant Saad about Plaintiff getting a shot of Haldol. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of

the named defendants were personally involved in or responsible for each alleged violation of

rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000)

(requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No.

90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those

individuals are without a basis in law as the complaint is totally devoid of allegations as to them

which would suggest their involvement in the events leading to his injuries."); *see also Wright v.*

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003);

*Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007

WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL

697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D.

Mich. 1991).  Plaintiff fails to allege any facts showing that Defendant Saad engaged in any

misconduct.  Therefore, Defendant Saad is properly dismissed from this action.

## IV.    Defendant LeBarre

Plaintiff's allegations against Defendant LeBarre indicate that Defendant LeBarre

denied a grievance, and that Defendant Doolittle told Plaintiff that Defendant LeBarre was aware

of her retaliatory conduct and approved of it.  As with Defendant Saad, Plaintiff fails to allege that

Defendant LeBarre actually engaged in any misconduct against him.  A claimed constitutional

violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567,

575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's

subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.

*Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir.

2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an

administrative grievance or failed to act based upon information contained in a grievance.  *See*

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each

7

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant LeBarre engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against Defendant LeBarre.

## V.     Defendants Doolittle, Gaskills, and Davids

Plaintiff alleges that Defendant Doolittle actively engaged in retaliatory conduct against him, and that Defendants Gaskills, and Davids specifically told Plaintiff that they were aware of Defendant Doolittle's conduct and approved of it, despite the fact that they had a duty to intervene on his behalf.  Therefore, Plaintiff's retaliation and conspiracy claims against Defendants Doolittle, Gaskills, and Davids are not properly dismissed on initial review.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Saad and LeBarre will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's retaliation and conspiracy claims against Defendants Doolittle, Gaskills, and Davids remain in the case.

An order consistent with this opinion will be entered.


Dated:    December 14, 2020                              /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE